UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:21-cv-00103-FDW

| COREY GOODE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
|  | ) | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 13), and Defendant's Motion for Summary Judgment, (Doc. No. 18). Having reviewed and considered the written arguments, administrative record, and applicable authority, the Court finds the Administrative Law Judge ("**ALJ**") did not apply the correct legal standards in his decision. Accordingly, the Court GRANTS Plaintiff's Motion for Summary Judgment, (Doc. No. 13); DENIES Defendant's Motion for Summary Judgment, (Doc. No. 18); REVERSES the Commissioner's decision; and REMANDS this matter for further proceedings consistent with this Order.

## I. BACKGROUND

Plaintiff applied for Title II Disability Insurance Benefits on May 21, 2019. (Doc. No. 10-1, p. 19). His application was denied on February 20, 2020, and again upon reconsideration on April 7, 2020. Id. He then requested a hearing before an ALJ, which was held on September 22, 2020. Id. The ALJ issued an unfavorable decision on October 7, 2020. Id. at 16.

At step one of the disability analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 21, 2019. Id. at 21. At step two, the ALJ found Plaintiff to have the

1

following severe impairments: "obesity, migraine, peripheral neuropathy, post-traumatic stress disorder (PTSD), depressive disorder, anxiety disorder, and personality and impulse control disorders." Id. At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 22. At step four, the ALJ found Plaintiff had the Residual Functional Capacity to perform medium work as defined in 20 C.F.R. § 404.1567(c) except:

> frequently push, pull with left lower extremity; occasionally climb ladders, ropes, and scaffolds; frequently climb ramps and stairs, crouch and crawl; occasional exposure to workplace hazards, such as working at unprotected heights and working around moving mechanical parts; work an environment with no more than a moderate noise level as defined by the SCO; frequently interact with the public, coworkers, and supervisors; and can sustain concentration and persistence for periods of two hours at a time.

Id. at 29. Accordingly, the ALJ found Plaintiff could not perform any past relevant work. Id. at 31. At step five, however, the ALJ found Plaintiff could perform other jobs that exist in significant numbers in the national economy. Id. at 32. Therefore, the ALJ concluded Plaintiff was not disabled. Id. at 33.

The Appeals Council denied Plaintiff's subsequent request for review, id. at 5, and Plaintiff now appeals pursuant to 42 U.S.C. § 405(g), (Doc. No. 1, p. 1).

## II.     STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides for judicial review of the Social Security Commissioner's denial of Social Security benefits. "[T]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the

cause for a rehearing." 42 U.S.C. § 405(g). When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings were supported by substantial evidence. Id.; Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not reweigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [ALJ] if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and quotations omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Courts do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," courts defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212, 212 (4th Cir. 2017) (per curiam) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520(a)(4). Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had

3

a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635] (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862. If the Commissioner meets this burden in step five, the claimant is deemed not disabled and the benefits application is denied. Id.

## III.    ANALYSIS

In his motion, Plaintiff argues for reversal on four bases. First, he argues differences between two medical opinions considered by the ALJ and the ALJ's Residual Functional Capacity determination require remand. (Doc. No. 14, pp. 5–8). Second, he argues the ALJ erred by failing to give substantial weight to Plaintiff's Veterans Administration ("**VA**") disability rating of 100%. Id. at 8–10. Third, he argues the order is constitutionally defective because 42 U.S.C. § 902(a)(3) is unconstitutional and the Commissioner's delegation of authority to the ALJ therefore invalid. Id. at 10–23. Fourth, he argues the appointment of the ALJ was unconstitutional for the same

4

reason. Id. at 23–24. Because the Court agrees with Plaintiff's second assignment of error, the Court finds remand appropriate.

As a preliminary matter, the Court concludes the Commissioner's decision was not constitutionally defective. The Supreme Court recently rejected the proposition that unconstitutional tenure protection for the head of an agency, without more, voids any agency action. See Collins v. Yellen, 141 S. Ct. 1761, 1787 (2021). Specifically, the Supreme Court explained, "the unlawfulness of [a] removal provision does not strip [a federal official] of the power to undertake the other responsibilities of his office." Id. at 1788 n.23. After Collins, "courts across the country have uniformly concluded that the allegedly unconstitutional nature of § 902(a)(3) does not require remand" absent some causal nexus to the ALJ's decision not to find a particular claimant disabled. Katrina R. v. Comm'r of Soc. Sec., 2:21-CV-4276, 2022 WL 190055, at *5 (S.D. Ohio Jan. 21, 2022) (collecting cases); see also Juliana Jolean A. v. Kijakazi, 5:20-CV-1268, 2022 WL 595361, at *4 (N.D.N.Y. Feb. 28, 2022) (collecting cases). Here, Plaintiff attempts to argue a causal nexus exists between the removal restriction and the Commissioner's decision. (Doc. No. 14, p. 18). Plaintiff, however, offers no evidence to show his case would have been decided differently but for the removal restriction. Accordingly, Plaintiff has failed to show a causal nexus between the removal restriction and the denial of his application for disability benefits. Therefore, the Commissioner's decision is not constitutionally defective.

The Court now moves to Plaintiff's second assignment of error, wherein Plaintiff asserts the ALJ failed to either afford substantial weight to Plaintiff's 100% VA disability rating or provide specific reasons for not doing so. (Doc. No. 14, pp. 8–10). Defendant, on the other hand,

argues the ALJ was not required to give any weight to Plaintiff's VA disability rating under new Social Security Administration ("**SSA**") regulations. (Doc. No. 19, pp. 21-23).

In DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983), the Fourth Circuit held that an ALJ must consider as evidence the disability determination of another governmental agency. Therefore, an ALJ's decision that ignores such a determination fails to provide the requisite findings to allow judicial review. Id. Subsequently, in Bird v. Commissioner, 699 F.3d 337, 343 (4th Cir. 2012), the Fourth Circuit held that the Social Security Administration must give substantial weight to a VA disability determination. The Fourth Circuit later clarified that the ALJ may afford less than substantial weight to another governmental agency's disability determination, but only if the ALJ provides "persuasive, specific, and valid reasons" for doing so. Woods v. Berryhill, 888 F.3d 686, 692 (4th Cir. 2018) (quoting McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002)).

In January 2017, the Social Security Administration rescinded Social Security Ruling 06-03p, which stated, "evidence of a disability decision by another governmental agency or nongovernmental agency cannot be ignored and must be considered." This rescission was effective March 27, 2017. See 82 Fed. Reg. 5844; 80 Fed. Reg. 15132 (March 27, 2017). The new rules promulgated by the Social Security Administration explain that, for disability claims filed after March 27, 2017, the agency "will not provide any analysis in its determination or decision about a decision made by any other governmental agency about whether you are disabled, employable, or entitled to any benefits." 20 C.F.R. § 404.1504; see also id. § 404.1520b(c)(1) (similar).

Accordingly, the issue before the Court is whether Bird, Woods, and DeLoatche remain in force following the rescission of Ruling 06-03p and enactment of the new rules. In Rose v. Saul,

6

Case 1:21-cv-00103-FDW   Document 22   Filed 08/24/22   Page 6 of 9

No. 7:19-CV-91, 2020 WL 4740479 (E.D.N.C. Aug. 14, 2020), the U.S. District Court for the Eastern District of North Carolina considered this issue and explained:

> The new rules did not supersede the Fourth Circuit's decision in Bird, and the ALJ committed reversible error by failing to afford substantial weight to Mr. Rose's 100% VA rating. The ALJ's assumption that the new Social Security Administration regulations supplanted Fourth Circuit case law rests on a fundamental misunderstanding of Bird and the cases that preceded it. Bird did not interpret a prior regulation, alterable by SSA. Rather, Bird followed a line of cases expounding on what is required from the ALJ to enable the Court to conduct its review.
>
> . . . .
>
> The Court's reading of Bird is buttressed by Woods v. Berryhill, where the Fourth Circuit explained that, in order to afford less than substantial weight to another governmental agency's disability determination, the ALJ must give 'persuasive, specific, valid reasons.' 888 F.3d 686, 692 (4th Cir. 2018). Without such an explanation, according to Woods, a court "cannot engage in a meaningful review." Moreover, Woods rejected the Commissioner's argument that the ALJ can escape discussing the other agency's disability decision by merely considering the evidence underlying that decision.

Rose, 2020 WL 4740479 at *2–3. In Rose, Chief Judge Boyle concluded, "[t]wo government agencies performing similar assessments reached polar opposite conclusions, leaving a glaring hole in the record and preventing judicial review. Bird remedies this problem, and SSA's new regulations did not overrule Bird. By failing to address Mr. Rose's 100% VA disability rating, the ALJ erred." Id. at *4. This Court finds the Eastern District's analysis pertinent and persuasive.

Applying the legal principles set forth in Rose to the record here, the Court concludes this matter must be remanded for a new hearing. In deciding Plaintiff was not disabled, the ALJ followed 20 C.F.R. §§ 404.1520b(c) and 404.1504, expressly declining to give substantial weight to Plaintiff's 100% VA disability rating and failing to provide persuasive, specific, and valid

reasons for doing so. (Doc. No. 10-1, pp. 24, 30). Thus, the ALJ's decision is inconsistent with Bird and Woods, and the Court must remand this matter to the Commissioner.

## IV. CONCLUSION

The Court explicitly notes that in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not take a position on the merits of Plaintiff's application for disability benefits nor does the Court express any opinion as to his first assignment of error. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that decision as written cannot stand. See, e.g., Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citations omitted)). In declining to address the first assignment of error in dicta here,[1] the Court notes that remand provides the opportunity for the ALJ to modify any prior basis for the prior decision in the new decision issued upon remand. "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299 (1993) (quoting Sullivan v. Finkelstein, 496 U.S. 617, 624-25 (1990)).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment, (Doc. No. 13), is GRANTED; Defendant's Motion for Summary Judgment, (Doc. No. 18), is DENIED; the

---

[1] The Court recognizes the Fourth Circuit, on occasion, will address additional assignments of error notwithstanding an order to remand. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017) (noting that "[n]ormally, our opinion would end here, and we would not go beyond ordering the ALJ to apply the regulation that it failed to observe"; but then summarily directing the ALJ to provide a more detailed explanation as to other errors "in the interests of judicial efficiency . . . ."); Bird, 699 F.3d at 343 (citing Sharpe v. Dir., Office of Workers' Comp. Programs, 495 F.3d 125, 134 n.16 (4th Cir. 2007) (providing instructions for ALJ to follow on remand regarding issues not dispositive on appeal); Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) ("Since the case must be reconsidered by the Secretary, we do provide some guidance as to a matter very likely to arise at the hearing which will occur.")).

Case 1:21-cv-00103-FDW   Document 22   Filed 08/24/22   Page 8 of 9

Commissioner's decision is REVERSED; and this matter is REMANDED for further proceedings consistent with this Order.

IT IS SO ORDERED.

Frank D. Whitney
United States District Judge